IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL D. MORGAN,
         Plaintiff,

vs.                                   5:10cv165/RH/MD

STEVE MEADOWS, et al.
         Defendants.

## O R D E R

This cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. Although leave to proceed *in forma pauperis* was granted, plaintiff has now paid the entire $350.00 filing fee. A review of plaintiff's complaint reveals that plaintiff names seven defendants in this action, four of whom are employees of the office of the state attorney or the public defender, and three defendants who do not appear to be state agents or employees at all. Plaintiff has not filled out the statement of facts or the statement of claims portion of the complaint form, instead referring to "see enclosed." Enclosed are pleadings that plaintiff filed in state court.

This court, with its large volume of civil rights actions, saves valuable time if it is not required to decipher lengthy and often unintelligible submissions. This saving would be lost if the plaintiff were allowed to either forgo use of the form entirely, or to fill in the form with a notation instead of completing the form itself. In light of the administrative benefits derived from the use of the form, plaintiff must **fully complete** the form, providing his statement of facts and statement of claim in the space provided. Plaintiff may use additional pages to explain his claim, if necessary, as provided on the complaint form.

Furthermore, based merely on the identity of the defendants, it is possible that plaintiff may not be able to state a claim. As noted above, three of the defendants do not

appear to be state employees or "state actors." "To state a claim under § 1983 , a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. " *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988) (citations omitted); see also *Holmes v. Crosby*, 418 F.3d 1256 (11th Cir. 2005) (citing *West*). In *Adickes v. S.H. Kress & Co.*, the Supreme Court noted that a private party who is involved in a conspiracy with, ie. is a willful participant in joint activity with, a state actor is acting "under color of law" for purposes of § 1983. *Adickes*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-1606, 26 L.Ed.2d 142 (1970). A plaintiff attempting to prove such a conspiracy must show that the parties "reached an understanding" to deny the plaintiff his or her rights. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990) (citing *Addickes,* 398 U.S. at 152, 90 S.Ct. at 1605). The allegedly conspiratorial acts must impinge upon the plaintiff's federal right, and the plaintiff must prove an "actionable wrong" to support the conspiracy. *Bendiburg*, 909 F.2d at 468 (citations omitted). Plaintiff may wish to omit from his complaint any defendants who are not state actors unless he can sufficiently allege a conspiracy with state defendants.

Because there are no factual allegations in the complaint the court cannot say for certain, but the four attorney defendants may be entitled to immunity. The Supreme Court has held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Thus defendant Peacock would be entitled to immunity. Similarly, with respect to defendants Meadows, Sale, and Register, a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Rowe v. Ft. Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (Citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993)).

Finally, it appears from plaintiff's request for relief that he may also be seeking habeas relief. If so, a civil rights claim pursuant to 42 U.S.C. § 1983 is not the proper vehicle for doing so. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475,

490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis*, 693 F.2d at 1057. Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

If, after reviewing the foregoing, plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint" and placing this case number on the form. Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe <u>how each named defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. The facts relating to each defendant should be set out clearly and in enough detail to support the legal conclusions in the complaint. *Randall v. Scott,* 610 F.3d 701, 709 (11th Cir. 2010). If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his

allegations because matters not set forth in the amended pleading are deemed to have been abandoned. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983.

2. The plaintiff shall have **twenty-eight (28) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 21st day of October, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**