IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL D. MORGAN,
    Plaintiff,

vs.                                          5:10cv165/RH/MD

STEVE MEADOWS, et al.
    Defendants.

___

**ORDER and**
**REPORT AND RECOMMENDATION**

This cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. Although leave to proceed *in forma pauperis* was granted, plaintiff has now paid the entire $350.00 filing fee.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably

meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff names six defendants in this action: Prosecutors Steve Meadows and Robert Sale, Public Defender Stan Peacock, Charles Bostick and LeVon Bostick and Britney Kennedy. It appears from the complaint that plaintiff is a convicted sex offender in Washington state who pleaded guilty to charges of lewd and lascivious molestation of an individual under the age of 16.[1] He alleges that state prosecutor Steve Meadows should not have allowed the case against him to proceed, and that Robert Sale engaged in a malicious and slanderous attack on the plaintiff, who was the defendant in that case, and chose to remain on the case even after being reprimanded by the Florida Bar. Stan Peacock allegedly misled the then-defendant about the contents of the plea agreement he signed. Charles Bostick and LeVon Bostick, the parents of the alleged victim allegedly coerced their daughter to lie to the police and perjured themselves about the incident, respectively. Britney Kennedy, the alleged victim, purportedly lied to the police in order to move in with her then boyfriend, now husband. As proof of his innocence, plaintiff contends that there were witnesses who could have testified as to the falsity of the allegations concocted by the Charles Bostick. Plaintiff seeks the removal of his name from the sexual offenders registry, sealing or expungement of his records, an injunction against further confinement, and damages for pain and suffering, libel, defamation of character, slander, wrongful arrest, false imprisonment and libel.

Plaintiff's claim regarding alleged irregularities in his criminal conviction is not actionable under section 1983 since it is in the nature of habeas corpus. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's

---

[1] According to the Florida Department of Corrections website, plaintiff was sentenced on this charge to a term of one year imprisonment on August 20, 2007. He was released from custody on March 1, 2008, and returned to custody on February 3, 2010 for what appears to be a violation of sex offender reporting requirements. His projected release date is October 19, 2014. See http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=2&From=list&SessionID=244743238

*Case No: 5:10cv165/RH/MD*

confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis v. Mosley*, 693 F.2d 1054, 1056-57 (11th Cir. 1982). Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The remedy of an extraordinary petition, specifically, a writ of mandamus or of habeas corpus, is available in the Florida Courts for plaintiff to pursue relief for his gain time issues. *See* Fla. Const., art. V, § 5; Fla. R. Civ. P. 1.630, Fla. R. App. P. 9.100. Further, plaintiff may file an appeal at the state level from an adverse decision of the lower court in this matter. *See* Fla. Const., art. V, § 4; Fla. R. App. P. 9.110.

Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the claim should be dismissed. The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct. at 2372. Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional. *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); cf. *Porter v. White*, 438 F.3d 1294 (11th Cir. 2007) (plaintiff brought § 1983 action after criminal conviction was overturned due to *Brady* violation). Absent such an invalidation, the section 1983 suit must be dismissed. *Heck*, 512 U.S. at 486-487, 114 S.Ct. at 2372; see also *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003); *Hughes*, 350 F.3d at 1160. Here, plaintiff seeks damages that are clearly attributable to his allegedly wrongful conviction. As such, his claim must be dismissed.

Because plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983 at this time, his case should be dismissed. However, this dismissal should be without prejudice in the event the plaintiff obtains an invalidation of the conviction he assails through the instant action.

Accordingly, it is ORDERED:

Plaintiff's motion for appointment of counsel (doc. 21) be denied as moot in light of this recommendation.

And it is respectfully RECOMMENDED:

That this cause be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 17th day of November, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).